La Juez Asociada Señora Rodríguez Rodríguez
disintió de la Opinión del Tribunal por entender que el arresto del señor Mairo Pérez Rivera sin una orden fue ilegal. A dife-rencia del criterio mayoritario, la Juez Asociada entiende que los agentes del orden público no tenían motivos funda-dos para arrestar al Sr. Mairo Pérez Rivera. Señala que debemos recordar que “[e]l concepto de motivos fundados se ha definido como aquella información y conocimiento que lleven a una persona ordinaria y prudente a creer que el arrestado ha cometido un delito ...”. Pueblo v. Martínez Torres, 120 D.P.R. 496, 504 (1988). Del testimonio brindado por el agente que intervino con el señor Pérez Rivera se desprende que el hermano de la víctima afirmó que el se-ñor Pérez Rivera podía haberle hecho algo, que el señor Vázquez Sánchez y el señor Pérez Rivera habían tenido un problema anterior y que le pareció raro que el señor Pérez Rivera hubiese visto unas gotas de sangre a una distancia que, según alega el agente, no se podían ver. Sin embargo, a preguntas sobre si se arrestó o no al señor Pérez Rivera, el agente contestó que no y aclaró que ordenó su traslado al destacamento por motivos de seguridad. Anteriormente el Tribunal ha dicho que una persona está arrestada cuando está restringida de su libertad. Además, se ha expresado que el arresto no depende de que el agente le haya comu-nicado al arrestado la intención de detenerle. En este sen- *886 tido, la determinación de si una persona está o no bajo arresto debe realizarse mediante un análisis objetivo de la totalidad de las circunstancias. Pueblo v. Pacheco Báez, 130 D.P.R. 664 (1992). No hay duda que al analizarse ob-jetivamente las circunstancias que rodearon la detención del señor Pérez Rivera, este estaba bajo arresto. No obs-tante, este arresto fue ilegal porque, según el testimonio del agente que así lo ordenó, el único motivo de la deten-ción fue salvaguardar la seguridad del señor Pérez Rivera. De esta manera, es forzoso concluir que puesto que el arresto fue ilegal, procede suprimir la evidencia producto de la actuación ilegal del Estado.